[747 NYS2d 41]

In the Matter of Edward M. McGowan, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, September 9, 2002

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Edward M. McGowan*, resignor pro se.

**OPINION OF THE COURT**

Per Curiam.

Edward M. McGowan has submitted an affidavit dated April 22, 2002, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

In view of the respondent's failure to submit an answer to the petition, which charged him with converting funds entrusted to him as a fiduciary, the petitioner served the respondent with a motion for a default judgment. In lieu of submitting an answer, the respondent submitted an affidavit of resignation.

He avers that the resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission. The respondent acknowledges that he is the subject of a disciplinary charge pending before the Court which alleges that he converted to his own use funds entrusted to him as a fiduciary incident to his practice of law.

Inasmuch as he could not successfully defend himself on the merits against the charge, the respondent has opted to resign. The respondent acknowledges that this is a most devastating result of his own actions but notes that he is proud of the pro bono work that he has done throughout his long career.

The resignation is submitted subject to any application which may be made for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York, pursuant to Judiciary Law § 90 (6-a), and that he acknowledges the continuing jurisdiction of the Court to make such an order. The respondent specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Under the circumstances, the petitioner's motion to adjudicate the respondent in default is denied as academic and the respondent's proffered resignation is accepted, with the result that he is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion for a default judgment is denied as academic in view of the respondent's proffered resignation; and it is further,

Ordered that the resignation of Edward M. McGowan is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward M. McGowan is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Edward M. McGowan shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward M. McGowan is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.